FULKS *v.* WALKER.

5-604 - 5-738  (consolidated)               283 S. W. 2d 347

Opinion delivered October 17, 1955.

[Rehearing denied November 28, 1955.]

*Ivan Williamson* and *Ben B. Williamson,* for appellant.

*Chas. F. Cole,* for appellee.

ED. F. McFADDIN, Associate Justice.   These two cases—one from Stone Chancery and the other from Independence Chancery—have been consolidated; as the

main question in each case is the custody of the three children of the parties.

In about 1945 Elmer Fulks and Martha Palmer were married in Arizona where they both were then residing; and to that marriage were born three girls, now aged nine, eight and seven years, respectively. Some time after the marriage, Mr. Fulks was sentenced to the penitentiary in North Carolina on a charge of burglary; and on August 3, 1950, Mrs. Fulks obtained a divorce from him in the Superior Court of Maricopa County, Arizona, where she then lived and resided. The decree of divorce gave Mrs. Fulks the care and custody of the three children. She later married Mr. Walker and continues to live in Arizona. In 1952 Mr. Fulks, having been released from the North Carolina prison and having returned to his old home in Arkansas, went to Arizona to see his children. First he asked for, and obtained, permission to take the children on a trip of about 17 miles; and then later he brought the children to Arkansas without Court authorization and without permission of Martha Fulks Walker. She tried to have him extradited to Arizona for trial on a kidnapping charge, but extradition was refused.

Some time after reaching Arkansas Mr. Fulks filed a petition in the Stone Chancery Court to have that Court award him the custody of the three children, which he then had in Arkansas. Mrs. Martha Fulks Walker resisted that petition; and considerable evidence was heard, in the course of which it was discovered that Mr. Fulks actually lived in Independence County, rather than in Stone County. The Stone Chancery Court thereupon dismissed the proceedings; and from that decree Mr. Fulks has appealed to this Court in Case No. 738 herein.

Upon the dismissal of the proceedings in the Stone Chancery Court, Mrs. Martha Fulks Walker filed, in the Independence Chancery Court, a petition for a writ of *habeas corpus* to regain the custody of her three children. Trial resulted in a decree awarding the custody to her, and also awarding support money of $45.00 per month and a small amount for attorney's fee. From

that decree Mr. Fulks has appealed in Case No. 604 in this Court.

I. *Custody Issue.* The real question is the custody of the three children. We start with the decree of the Superior Court of Maricopa County, Arizona—a Court whose jurisdiction is unquestioned. Mr. Fulks entered his appearance in that case in 1950; and the Court awarded the custody of the children to their mother, the appellee here. That decree has never been changed or modified. The record herein discloses that Mr. Fulks took the children from Arizona without the consent of appellee. The fact that she tried to have him extradited to Arizona for "child stealing" indicates her attitude in the matter.

Mr. Fulks claims that conditions have changed since the rendition of the Arizona decree, and that it is for the best interest of the children that he keep them in Arkansas rather than that the mother keep them in Arizona. Apparently the Independence Chancery Court gave little weight to the evidence in regard to such claim because the decree recites:

". . . there has been no substantial change in conditions which would warrant or authorize this Court to change the award of custody of said children made by the Arizona Courts, and that the plaintiff, Martha Fulks Walker, be awarded the immediate custody of said children . . ."

A careful reading of the entire record and study of the briefs, fails to convince us that the Chancery Court was in error. It would serve no useful purpose to review all the evidence or refer to the cited cases. Each child-custody case must rest on its own peculiar facts. That the Independence Chancery Court had the power to award support money is established by our holding in *Waller* v. *Waller,* 220 Ark. 19, 245 S. W. 2d 814.

II. *Procedural Questions.* When Mrs. Martha Fulks Walker filed the *habeas corpus* proceeding in the Independence Chancery Court, Mr. Fulks filed a motion that she be required to make a bond for costs, since she was a

non-resident. The Court refused the motion; and Mr. Fulks claims error. Our Statute (§ 27-2301, Ark. Stats.) requires a bond for costs of a non-resident, and makes the plaintiff's attorney liable for costs in the absence of such a bond (§ 27-2304). It is argued that in some *habeas corpus* proceedings a bond for costs is not required.[1] We need not consider that argument. Even if the Trial Court committed error in refusing to require bond for costs, nevertheless such error has become harmless, since the plaintiff prevailed in the lower Court and the decree is affirmed here.[2]

Likewise, we need not consider whether the Chancellor assigned a correct reason for the decree in the Stone Chancery Court because, at all events, the Independence Chancery Court had jurisdiction in the *habeas corpus* proceedings and exercised such jurisdiction to a wise conclusion.

Affirmed.

---

[1] Some jurisdictions hold that a bond for costs is not required in certain *habeas corpus* proceedings. See 20 C. J. S. 364; 25 Am. Jur. 255; and Annotation in 81 A. L. R. 151.

[2] In 5 C. J. S. 893 cases are cited to sustain this statement: "Error in refusing to require security for costs is rendered harmless where judgment is for plaintiff, particularly where it is affirmed . . ."